UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT MCQUEEN                                          CIVIL ACTION

VERSUS                                                  NO. 14-174

JAMES M. LEBLANC, ET AL.                                SECTION "E"(1)

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Robert McQueen, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants James M. LeBlanc, Dr. Raman Singh, Robert C. Tanner, Wayne Cook, Dr. Dennis LaRavia, Dr. Casey McVea, Bessie Carter, and Lesley Temples. In the complaint, plaintiff claims that he has been denied adequate medical care for "severe bouts of constipation and pain and swelling in his abdominal area" while incarcerated at the B.B. "Sixty" Rayburn Correctional Center.

In connection with his complaint, plaintiff filed a "Motion for a Temporary Restraining Order and Preliminary Injunction." Rec. Doc. 10. Despite his request for a temporary restraining order, his motion must be construed solely as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants

if the injunction is granted; and (4) the injunction will not undermine the public interest.  See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).  He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.  See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites.  See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994).  As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."  Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

Plaintiff has not established that the extraordinary remedy is warranted in this case.  In his motion, he alleges that he has been suffering from his condition for approximately the past five years of his incarceration and requests immediate injunctive relief "to avoid sustaining irreparable physical harm in the form of liver damage, kidney damage, redundant sigmoid colon (sluggish bowel), stomach cancer, and or death."[1]  However, he does not dispute the fact that he has received ongoing medical care; rather, he concedes that he is under the care of prison medical personnel and that he

---

[1]   Rec. Doc. 10, pp. 1-2.

has been prescribed laxatives and stool softeners.[2] He further concedes that, after many delays, he was finally transported to University Hospital in New Orleans for a colonoscopy; however, he acknowledges that the colonoscopy "only showed possible hemorrhoids, which the doctor attributed to McQueen's constant straining to pass bowel movements."[3] Although he alleges that a gastrointestinal specialist suggested that an endoscopy and ultrasound be performed,[4] he concedes that the prison doctor had an x-ray taken, noted that the x-ray showed "an excess amount of gas," and advised him that an endoscopy and ultrasound would in fact be ordered. He complains, however, that those tests have been delayed and his condition remains undiagnosed.[5]

Based on the foregoing, plaintiff's frustration is understandable. That said, the undersigned simply cannot say that there is a substantial likelihood that he will ultimately succeed on the merits of his inadequate medical care claim. On the contrary, such claims rarely succeed, mainly because a prisoner's federal constitutional right to medical care is extremely limited. In fact, that right is violated *only* if a prisoner's serious medical needs have been met with "deliberate indifference" on the part of penal authorities. See, e.g., Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). As the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that

---

[2] See, e.g., Rec. Doc. 3, pp. 6 and 8.

[3] Rec. Doc. 3, p. 9.

[4] Rec. Doc. 3, p. 9.

[5] Rec. Doc. 3, pp. 10-11.

3

> officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

It is doubtful that plaintiff can establish deliberate indifference under the facts as alleged. It is undisputed that he has received ongoing medical attention for his condition. While that medical treatment *may* be subpar in some respects, the fact that a prisoner's medical care "may not have been the best money could buy" is insufficient to establish a federal violation. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); see also Gobert v. Caldwell, 463 F.3d 339, 349 (5th Cir. 2006) ("[D]eliberate indifference exists wholly independent of an optimal standard of care."); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). Moreover, if an inmate has in fact received medical treatment, federal constitutional protections are not violated just because that treatment was unsuccessful or because pain persisted despite the treatment. Gobert, 463 F.3d at 346; Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010). Further, it is clear that the federal constitution does not require even that an inmate's medical care be free from negligence or medical malpractice. Hall v. Thomas, 190 F.3d 693, 697-98 (5th Cir. 1999); see also Kelly v. Gusman, Civ.

Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Claims of negligence or malpractice present issues of *state* law for *state* courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

The fact that plaintiff opines that more could be done for him and with greater alacrity is of little moment. Absent exceptional circumstances, a prisoner's disagreement with his medical treatment simply does not constitute deliberate indifference. Gobert, 463 F.3d at 346. For example, "the question of whether ... additional ... forms of treatment is indicated is a classic example of a matter for medical judgment," Estelle, 429 U.S. at 107, and federal courts are therefore generally loath to second-guess such medical decisions in federal civil rights actions. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); Castro v. Louisiana, Civ. Action No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action."). At this stage of the proceedings, such second-guessing is inappropriate, in that plaintiff's belief that immediate additional medical testing *might* result in an appropriate diagnosis and treatment is entirely speculative. Therefore, any decision regarding the constitutionality of plaintiff's medical care should be resolved on dispositive motions or, if necessary, at trial. See, e.g., Zuniga v. University Health System, 71 Fed. App'x 293 (5th Cir. 2003) (conclusional allegations of irreparable harm are insufficient to warrant immediate injunctive relief); Taylor v. Berry, Civ. Action No. 2:05CV381,

2007 WL 1536796 (S.D. Miss. May 23, 2007) (denying a motion for a preliminary injunction, noting that "[i]f plaintiff's claims regarding his medical treatment are meritorious, appropriate relief may be awarded or obtained at trial").

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's "Motion for a Temporary Restraining Order and Preliminary Injunction," Rec. Doc. 10, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this eighth day of April, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.