UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT MCQUEEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-174** |
| **JAMES M. LEBLANC, ET AL.** | **SECTION "E"(1)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Robert McQueen, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants James M. LeBlanc, Dr. Raman Singh, Robert C. Tanner, Wayne Cook, Dr. Dennis LaRavia, Dr. Casey McVea, Bessie Carter, and Lesley Temples. In the complaint, plaintiff claims that he has been denied adequate medical care for "severe bouts of constipation and pain and swelling in his abdominal area" while incarcerated at the B.B. "Sixty" Rayburn Correctional Center ("Rayburn").

On March 3, 2014, the United States Marshal attempted to serve Dr. Dennis LaRavia at Rayburn, but that attempt was unsuccessful because LaRavia no longer worked at that facility.[1] On March 25, 2014, the undersigned notified plaintiff that he must provide a correct service address for LaRavia and warned that the failure to do so, or the failure to show good cause for failing to do so, could result in dismissal of the claims against that defendant pursuant to Rule 4(m) of the Federal

---

[1] Rec. Doc. 9, p. 3.

Rules of Civil Procedure.[2] Plaintiff then provided an alternative address for service; however, that alternative address was the headquarters for the Louisiana Department of Public Safety and Corrections.[3] Therefore, when the Marshal attempted to serve LaRavia at that address, that attempt was also unsuccessful because LaRavia was no longer employed by the Department.[4]

In pertinent part, Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

Plaintiff was granted pauper status in this lawsuit.[5] Therefore, he is entitled to have service effected by the United States Marshal. Fed.R.Civ.P. 4(c)(3). That fact, however, does not relieve plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a plaintiff has knowledge*." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (emphasis added). Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding *in forma pauperis*. Id.

---

[2] Rec. Doc. 11.

[3] Rec. Doc. 12.

[4] Rec. Doc. 17.

[5] Rec. Doc. 2.

More than one hundred twenty days have elapsed since this lawsuit was filed. Despite the passage of that extensive period of time, plaintiff has not provided this Court or the United States Marshal with a proper service address for Dr. Dennis LaRavia. Plaintiff has received notice of the fact that LaRavia has not been served, as well as an opportunity to cure that defect. Nevertheless, plaintiff has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal cannot effect service. Therefore, the failure to serve LaRavia results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of plaintiff.

Despite being given express notice that the claims against LaRavia could be dismissed unless plaintiff provided the required information or showed good cause for failing to do so, plaintiff has done neither. Accordingly, dismissal of those claims is now appropriate. <u>See, e.g.</u>, <u>Armant v. Stalder</u>, 351 Fed. App'x 958, 959 (5th Cir. 2009); <u>Pines v. St. Tammany Parish Prison</u>, Civ. Action No. 09-3113, 2009 WL 3347384 (E.D. La. Oct. 14, 2009).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against Dr. Dennis LaRavia be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

3

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this third day of June, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.